IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STRATACOR LLC, | Case No. 2:26-cv- |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| ALIBABA GROUP HOLDING LIMITED, | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Stratacor LLC ("Stratacor" or "Plaintiff") for its Complaint against Alibaba Group Holding Limited ("Alibaba" or "Defendant") for patent infringement alleges as follows:

**THE PARTIES**

1. Stratacor is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Suite 170, Marshall, TX 75670.

2. Upon information and belief, Alibaba Group Holding Limited is a corporation organized under the laws of the Cayman Islands and may be served at its registered office in the Cayman Islands located at the offices of Trident Trust Company (Cayman) Limited, Fourth Floor, One Capital Place, P.O. Box 847, George Town, Grand Cayman, Cayman Islands.[1] Upon information and belief, Alibaba does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

**JURISDICTION**

---

[1] *See* https://www.sec.gov/Archives/edgar/data/1577552/000104746915006981/a2225750zf-4.htm; https://www.legalentityidentifier.in/leicert/5493001NTNQJDH60PM02/.

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has specific and personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. In addition, or in the alternative, this Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(2).

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

7. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

**PATENT-IN-SUIT**

8. On February 22, 2022, the United State Patent and Trademark Office duly and legally issued U.S. Patent No. 11,257,115 (the "'115 Patent") entitled "Providing Additional Digital Content or Advertising Based on Analysis of Specific Interest in the Digital Content Being Viewed". A true and correct copy of the '115 Patent is available at:

https://patentimages.storage.googleapis.com/52/bf/d5/cd737a85244d06/US11257115.pdf.

9. Stratacor is the sole and exclusive owner of all right, title, and interest in the '115 Patent (the "Patent-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit. Stratacor also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit and to seek injunctive relief as appropriate under the law.

10. Stratacor has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patent-in-Suit. Upon information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

11. The '115 Patent generally relates to providing additional relevant content to a viewer of digital media. The technology described in the '115 Patent was developed by inventor Gil Emanuel Fuchs. By way of example, this technology is implemented in Websites and Apps that monitor user viewing activity, associate the viewing material with words, and curate further internet content based on the associated words.

12. Alibaba collects user information from its websites and applications and uses the information to further curate relevant internet content.

13. Defendant has infringed and continues to infringe the Patent-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing, products that infringe the Patent-in-Suit.

## COUNT I
### (Infringement of the '115 Patent)

14. Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

15. Stratacor has not licensed or otherwise authorized Defendant to make, use, offer for

sale, sell, or import any products that embody the inventions of the '115 Patent.

16. Defendant has and continues to directly infringe the '115 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '115 Patent. Such products include but are not limited to Alibaba.com; AliExpress.com; Taobao.com; Tmall.com; 1688.com; Lazada.com; and Daraz.com, Youku.com, Youku.tv, and all associated applications.

17. For example, Defendant has and continues to directly infringe at least claim 1 of the '115 Patent by making, using, offering to sell, selling, and/or importing into the United States products that monitor user viewing activity, associate the viewing material with words, and curate further internet content based on the associated words. For example, the Alibaba.com performs a method to supply relevant internet-based content to at least one viewer of one or more internet pages. Alibaba.com performs the step of dividing the one or more internet pages into regions using a processing unit, wherein the regions are defined by a form of the content of the one or more internet pages (e.g., sections of the webpages that relate to a for sale product).



18.     Alibaba.com performs the step of monitoring and tracking the frequency and duration of viewing by the at least one viewer of each region using input devices functionally connected to the processing unit, wherein the tracking of the frequency and duration of viewing by the viewer comprises at least one of monitoring the location and duration time of a pointing device within the confines of each region, and intervals where the pointing device does not move for periods longer than a pre-defined threshold time period are not recorded (e.g., cursor Event Listeners).

---

[2] www.Alibaba.com/trade.  Snapshot taken on 2025-12-19.



19.  Alibaba.com performs the step of compiling the textural information for each region using the processing unit; for each region: sorting out words or phrases that are pre-determined to be of no value for determining user interest. Alibaba.com performs the step of compiling a list of the most frequently used words and phrases from words that were not sorted out. Alibaba.com performs the step of for regions viewed by the viewer above a specified threshold viewing frequency and duration, semantically comparing the most frequently used words and phrases to the most frequently used words and phrases of internet based content that can be supplied to the viewer (e.g., compiling a list using monitored mouse activity over a portion of the

---

[3] *Id.*

website associated with website text or a web tag). Upon information and belief, Alibaba.com performs the step of selecting and providing relevant internet based content with semantic similarity above a pre-specified threshold value to the at least one viewer on a display screen as one of: a display of one of the relevant content and a link to the relevant content in one or more of a specified region or little used region of the one or more webpages, a new page, and a popup (e.g., targeted advertisements based on the above).

20. Through demonstrations, testing, repairs, troubleshooting, training, and instructional guidance, Alibaba has used and continues to use the Accused Products in a manner that directly infringes at least claim 1 of the '115 Patent.

21. Defendant has and continues to indirectly infringe one or more claims of the '115 Patent by knowingly and intentionally inducing others, including Radware customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

22. Defendant, with knowledge that these products, or the use thereof, infringe the '115 Patent at least as of the date of this Complaint, has knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '115 Patent by providing these products to others for use in an infringing manner. Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees to not review the patents of others, including specifically those related to Defendant's specific industry, thereby remaining willfully blind to the Patent-in-Suit at least as early as the issuance of the Patent-in-Suit.

23. Defendant has induced infringement by others, including end users, with the intent

to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '115 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers, partners, and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's website, product literature and packaging, and other publications.

24. Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '115 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendant's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '115 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '115 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be specially made or adapted for use in the infringement of the '115 Patent. Defendant performs these affirmative acts with knowledge of the '115 Patent and with intent, or willful blindness, that they cause the direct infringement of the '115 Patent.

25. Stratacor has suffered damages as a result of Defendant's direct and indirect infringement of the '115 Patent in an amount to be proven at trial.

26. Stratacor has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '115 Patent, for which there is no adequate remedy at law, unless

Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Stratacor prays for relief against Defendant as follows:

a.  Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patent-in-Suit;

b.  An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patent-in-Suit;

c.  An order awarding damages sufficient to compensate Stratacor for Defendant's infringement of the Patent-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.  Entry of judgment declaring that this case is exceptional and awarding Stratacor its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e.  Such other and further relief as the Court deems just and proper.

Dated: January 8, 2026                           Respectfully submitted,

 /s/ *John A. Rubino*
John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
51 J.F.K. Parkway
Short Hills, NJ 07078
Telephone: (201) 341-9445
Facsimile: (973) 535-0921

*ATTORNEYS FOR PLAINTIFF,
STRATACOR LLC*